IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORTHSHORE STEEL, INC., | |
| Plaintiff, | CASE NO. 08 CV 2147 |
| vs. | |
| RELIABLE GALVANIZING COMPANY, | JUDGE PALLMEYER |
| Defendant. | MAG. JUDGE DENLOW |

## DEFENDANT RELIABLE GALVANIZING COMPANY'S 12(b)(6) MOTION TO DISMISS AND MEMORANDUM IN SUPPORT THEREOF

Reliable Galvanizing Company ("Reliable") moves to dismiss Plaintiff Northshore Steel, Inc.'s ("Northshore") one sentence complaint, a copy of which is attached hereto as Exhibit A, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] In support, Reliable states:

### I.     INTRODUCTION

Northshore's entire cause of action against Reliable consists of the following sentence: "[Reliable] galvanized trusses entrusted to it by [Northshore] in a negligent and unworkmanship-like [sic] manner, resulting in damage to said trusses to [Northshore's] detriment in the amount of $270,000." (Compl. at 2). That is it. There is nothing more alleged. Even the liberal notice pleading requirements of the Federal Rules of Civil Procedure require that the pleader set forth a short and plain statement of the claim and provide the grounds of entitlement to relief so that a party can form an appropriate response. This single sentence falls far short of this minimal

---

[1] Alternatively, Reliable moves for a more definite statement pursuant to Fed. R. Civ. Pro. 12(e) as Northshore's Complaint is so vague and ambiguous that Reliable cannot ascertain the allegations against it, and therefore cannot reasonably respond. *See Gallagher v. Cannon U.S.A.*, 588 F. Supp. 108, 111 (N.D. Ill. 1984) (granting motion for more definite statement so defendant can sufficiently respond.)

requirement and Northshore's complaint should be dismissed for its complete and utter failure to state a claim upon which relief can be granted.

If this feeble pleading is somehow permitted to stand, then the only possible cause of action that Northshore has pled is negligence. Under Illinois law, the economic loss doctrine enunciated in *Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill. 2d 69, 435 N.E.2d 443, 449 (1982), and its progeny bars recovery in tort for pure economic losses. Therefore, no negligence claim against Reliable for improperly galvanizing the trusses mentioned in the complaint is permissible. Accordingly, Northshore's negligence claim should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.  ARGUMENT

### A.  Applicable Legal Standard

Notice pleading permitted by the Federal Rules of Civil Procedure requires that a claim be described in sufficient detail to give the defendant "fair notice of what the…claim is and the ground upon which it rests." *Equal Employment Opportunity Comm'n. v. Concentra Health Serv., Inc.*, 496 F.3d 773, 780 (7th Cir. 2007) *citing Bell Atlantic Corp. v. Twombly*, __ U.S. __, 75 L. Ed. 2d 929, 932 (2007); *Lang v. TCF Nat'l Bank*, 249 Fed. Appx. 467, 465 (7th Cir. 2007). More specifically, a plaintiff should be encouraged to provide "what few facts are available" so that a defendant can be quickly alerted to "basic, critical factual allegations." *Equal Employment Opportunity Comm'n.* at 780; *Glick v. Walker*, No. 07-2929, 2008 WL 896205, at *5 (7th Cir. April 2, 2008). The Supreme Court in *Bell Atlantic Corp.* reiterated that the pleading's "plain statement of the claim showing that the pleader is entitled to relief" must "possess enough heft to 'sho[w] that the pleader is entitled to relief'" *Bell Atlantic Corp.*, 75 L. Ed. 2d 929, 932; Fed. R. Civ. P. 8(a)(2). A 12(b)(6) motion to dismiss is proper where, as here, a claim has not been

sufficiently identified so that the defendant can form its response. *Equal Employment Opportunity Comm'n*, 496 F.3d at 780 (where recognizing that the complaint lacked sufficient facts to provide defendant notice of the claim asserted); *Roll v. Kreke*, No. 07-CV-0329, 2008 WL 818315, at *2 (S.D. Ill. March 20, 2008) (granting motion to dismiss because complaint failed to adequately identify constitutional claim); *Ross v. Ross*, 104 F.R.D. 439, 442 (N.D. Ill. 1984) (granting motion to dismiss and ordering plaintiff to re-plead to sufficiently identify cause of action). In this case, Northshore's one sentence complaint violates these basic pleading principles.

### B.   Northshore Fails to Plead Minimal Facts Necessary to State a Cause of Action

Northshore's one-sentence complaint is so wanting in detail that Reliable cannot even definitively divine Northshore's theory of recovery. In this single sentence, Northshore uses the terms "unworkmanship-like manner" and "negligence" in conjunction with one another. (Compl. at 2.) While both terms clearly suggest a negligence claim, it is plausible that Northshore will actually attempt to argue that it is stating a breach of warranty claim or a breach of contract claim. Northshore's use of the word "entrustment" causes additional confusion. This term is so vague that it is completely unclear what Northshore believes its legal relationship with Reliable actually was.

The omission of other material information further demonstrates the complaint's deficiency. Indeed, Reliable can not even identify the particular transaction at issue. There is not a single date mentioned anywhere in the sketchy complaint. Perhaps Northshore expects that divine inspiration will enable Reliable to identify which particular Northshore order is at issue where no dates are provided. But, absent such divine inspiration, the Federal Rules require that Northshore furnish enough information to identify the particular transaction involved so that

Reliable can investigate and respond. *Herrera v. Rector,* No. 03-CV-6377, 2004 WL 2047562, at *3 (N.D. Il. Sept. 13, 2004) (granting motion for more definite statement and ordering plaintiff to set forth the location and time of the event, and facts as to how plaintiff was allegedly injured.)

Further, Northshore's complaint omits other material facts that are within its possession. For instance, Northshore does not identify what specific trusses were "damaged," where they were "damaged" and the type of damage being alleged. Each of these facts are available to Northshore and absent these facts Northshore's complaint is deficient and Reliable's motion should be granted.

C.  **The Economic Loss Doctrine Bars Northshore's Negligence Claim**

If Northshore's complaint is not dismissed for its obvious deficiencies, or Northshore is not required to provide additional facts, then the only potential cause of action is negligence. This is because a contract claim, requires the pleader to plead the existence of a valid contract. *Northern Trust Co. v. MS Security Serv.,* No. 05-C-3370, 2007 WL 2316925, at *2 (N.D. Il. July 13, 2007). Here, Northshore does not allege the existence of a contract. Therefore, Northshore's claim, if any, is negligence.

Under Illinois law, however, the economic loss doctrine bars any negligence claim for pure economic loss. *Moorman Mfg. Co. v. Nat'l Tank Co.,* 91 Ill. 2d 69, 435 N.E.2d 443, 449 (1982); *Minuti v. Johnson,* No. 02-C-4551, 2003 WL 260705, at *3 (N.D. Ill. Feb. 11, 2003); *Equity Builders and Contractors v. Russell,* 406 F. Supp. 2d 882, 890 (N.D. Ill. 2005). Economic losses are defined as "damages for inadequate value, costs of repair and replacement of the defective product, or consequent loss of profits – without any claim of personal injury or damage to other property." *Trans State Airlines v. Pratt & Whitney Canada,* 177 Ill. App. 2d 21, 682 N.E.2d 45, 48 (1997). *Cooper Power Sys. v. Union Carbide Chem & Plastics Co.,* 123 F.3d

675, 681 (7th Cir. 1997). Where only economic loss is alleged, recovery in tort is not appropriate and a party is solely limited to whatever contract rights and remedies may exist. *Trans State Airlines,* 682 N.E.2d at 50; *Muirfield Village-Vernon Hills LLC v. Reinke,* 349 Ill. App. 3d 178 810 N.E.2d 235, 249 (2nd Dist. 2004).

From what little can be gleaned from its one sentence complaint, if Northshore has suffered any loss, it is purely economic loss. Northshore does not seek damages for personal injury, and has not alleged any damage to property other than damages to the trusses, which were the subject of the parties' business relationship. This type of alleged economic loss is the essence of the economic loss doctrine. Accordingly, no tort remedy is available and Northshore's complaint should be dismissed with prejudice.

## IV. CONCLUSION

Northshore's Complaint is deficient as it fails to state a coherent claim upon which relief may be granted and because the only discernable claim is barred by the economic loss doctrine. For the foregoing reasons, Reliable respectfully requests that this Court dismiss its complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and grant Reliable any further relief that this Court deems proper.

Respectfully submitted,

RELIABLE GALVANIZING COMPANY

By: _____/s/ J. David Duffy_____
One of Its Attorneys
Thompson Coburn LLP

J. David Duffy
Lauren Spira
Thompson Coburn LLP
 d/b/a Thompson Coburn Fagel Haber
55 E. Monroe, 40th Floor
Chicago, IL 60603
312-346-7500

# EXHIBIT A



APR 1 5 2008

**FILED**

APR 1 5 2008 T C

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NORTHSHORE STEEL, INC. | ) | Civil Action No._____ |
| | ) | |
| Plaintiff, | ) | **08CV2147** |
| | ) | **JUDGE PALLMEYER** |
| vs. | ) | **MAG. JUDGE DENLOW** |
| | ) | |
| RELIABLE GALVANIZING COMPANY, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

### COMPLAINT AT LAW

NOW COMES the Plaintiff, Northshore Steel, Inc., by and through its attorney, Kenneth D. Butler of Kenneth D. Butler, Ltd., 11 East Superior Street, Suite 555, Duluth, Minnesota 55802, and complaining of Defendant Reliable Galvanizing Company, alleges the following:

### JURISDICTION

1. Plaintiff is a corporation incorporated under the laws of the State of Minnesota, having its principal place of business located at 1528 Highway #2, Two Harbors, MN 55616.

2. Defendant is a corporation incorporated under the laws of the State of Illinois, having its principal place of business located at 819 West 88th Street, Chicago, Illinois 60620.

3. That this cause involves an amount in controversy in excess of Seventy-five Thousand and no/100 Dollars ($75,000.00), exclusive of costs and interest.

4. The subject matter jurisdiction is proper pursuant to 28 U.S.C. §1332.

### VENUE

1. That the occurrence giving rise to this litigation occurred within the Northern

1

District of Illinois in the City of Chicago, Illinois.

2. That venue is property within the Northern District of Illinois pursuant to 28 U.S.C. §1391.

## FACTS

Defendant galvanized trusses entrusted to it by Plaintiff in a negligent and unworkmanship-like manner, resulting in damage to said trusses to Plaintiff's detriment in the amount of $270,000.00.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant in the sum of $270,000.00, plus costs and disbursements, and for such other legal and equitable relief as the Court deems appropriate.

Dated: April 14, 2008.

KENNETH D. BUTLER, LTD.

By *Kenneth D. Butler*

Kenneth D. Butler, (MN #13791)
11 East Superior Street, #555
Duluth, Minnesota 55802
Telephone: (218) 625-2264

Attorney for Plaintiff

2