**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| NORTHSHORE STEEL, INC. | ) | Civil Action No. 08cv2147 |
| | ) | |
| Plaintiff, | ) | Judge Pallmeyer |
| | ) | |
| vs. | ) | Magistrate Judge Denlow |
| | ) | |
| RELIABLE GALVANIZING | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

**F I L E D**

JUN 0 2 2008  YM
Jun 02 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**PLAINTIFF NORTHSHORE STEEL, INC.'S**
**RULE 15 MOTION TO AMEND ITS PLEADING AND**
**MEMORANDUM IN SUPPORT THEREOF**

Northshore Steel, Inc. ("NSS") moves to amend its pleading pursuant to Rule 15 of the

Federal Rules of Civil Procedure. In support of its motion NSS states:

**INTRODUCTION**

NSS served its original Complaint on Reliable Galvancing Company ("Reliable") on April

21, 2008. Thereafter, Reliable  moved to dismiss NSS's Complaint on the basis that Plaintiff's

Complaint was deficient under F.R.Civ.P. 12(b)(6), or in the alternative, Reliable moved for a

more definite statement pursuant to F.R.Civ.P. 12(e).[1] NSS then prepared and sent to Reliable a

copy of its Amended Complaint in the form attached hereto as Exhibit A. Reliable has indicated

that the Amended Complaint is a sufficient response to its motion to dismiss and that it will

stipulate to the motion to amend.

---

[1] Defendant's Motion to Dismiss and Memorandum in Support Thereof, p. 1 (Reliable Memo). This Motion of Reliable, was originally scheduled to be heard before the Court on May 28, 2008, but has been continued to a later date.

## ARGUMENT

F.R.Civ.P. 15(a)(2) provides that:

> (2)　Other Amendments. In all other cases, a party may amend its pleading only with the opposing party's written consent or the Court's leave. The Court should freely give leave when justice so requires.

In *Aircraft Gear Corporation vs. Kaman Aerospace Corporation*, 875 F.Supp. 485, 488 (N.E. Ill., 1995) the Court reflected on the principals of Rule 15(a) as follows:

> . . . the decision on whether justice so requies is committed to the discretion of the trial judge (*Zenith Radio Corp. vs. Hazeltine Research, Inc.*, 401 U.S. 321, 330, 91 S.Ct. 795, 802, 28 L.Ed. 77 (1971), to be determined on the basis of the factors set forth in *Forman vs. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).
>
> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'

NSS is requesting leave to amend its Complaint in the form attached in order to more clearly set forth its statements of claim against Defendant in furtherance of F.R.Civ.P. 8(a)(2).[2]

---

2　Fed.R.Civ.P. 8(a)(2) provides that a pleading set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2) has been interpreted to mean that a "complaint need only be sufficiently detailed to 'give defendant fair notice of what the . . . claim is and the grounds upon which it rests'" *Equal Employment Opportunity Comm'n vs. Concentra Health Serv., Inc.*, 496 F.3d 773, 779 (Circ. 2007) quoting *Conley vs. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2L.Ed.2d 80 (1957). While NSS believes that the allegation in its original Complaint met that standard because it did contain a minimal level of factual detail, NSS has amended its original Complaint in the form attached and marked Exhibit A to give Reliable more information so that this case can proceed on its merits "rather than through mis-steps in pleading" 2 *James Wm. Moore, et al., Moore's Federal Practice*, Section 804 (3d ed. 2006) cited by the Court in *Equal Employment Opportunity Comm'n*, supra.

Allowance of NSS's Amended Complaint in no way prejudices the Defendant and in fact greatly aids it before discovery is even commenced. There is no undue delay in granting this amendment and the Amended Complaint more than meets the requirements of F.R.Civ.P. 8(a)(2).

## CONCLUSION

This request by NSS for leave to amend its Complain will allow its claims to proceed on their merits without any prejudice to Defendant or undue delay to the parties or this Court. For those reasons, the motion of NSS pursuant to F.R.Civ.P. 15(a)(2) is appropriate.

Dated: May 30 , 2008.

RESPECTFULLY SUBMITTED,

KENNETH D. BUTLER, LTD.

By _Kenneth D. Butler_

Kenneth D. Butler (MN #13791)
11 East Superior Street, #555
Duluth, Minnesota   55802
Telephone: (218) 625-2264

Attorney for Plaintiff

EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| NORTHSHORE STEEL, INC. | ) | Civil Action No. 08cv2147 |
| | ) | |
| Plaintiff, | ) | Judge Pallmeyer |
| | ) | |
| vs. | ) | Magistrate Judge Denlow |
| | ) | |
| RELIABLE GALVANIZING | ) | |
| COMPANY, | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

### AMENDED COMPLAINT AT LAW

NOW COMES the Plaintiff, Northshore Steel, Inc., by and through its attorney, Kenneth

D. Butler of Kenneth D. Butler, Ltd., 11 East Superior Street, Suite 555, Duluth, Minnesota 55802,

and complaining of Defendant Reliable Galvanizing Company, alleges the following:

### JURISDICTION

1.      Plaintiff is a corporation incorporated under the laws of the State of Minnesota,

having its principal place of business located at 1528 Highway #2, Two Harbors, MN 55616.

2.      Defendant is a corporation incorporated under the laws of the State of Illinois,

having its principal place of business located at 819 West 88th Street, Chicago, Illinois 60620.

3.      That this cause involves an amount in controversy in excess of Seventy-five

Thousand and no/100 Dollars ($75,000.00), exclusive of costs and interest.

4.      The subject matter jurisdiction is proper pursuant to 28 U.S.C. §1332.

### VENUE

1.      That the occurrence giving rise to this litigation occurred within the Northern

1

District of Illinois in the City of Chicago, Illinois.

    2.      That venue is proper within the Northern District of Illinois pursuant to 28 U.S.C. §1391.

<b>FACTS</b>

1. In the spring of 2006 a representative of Plaintiff contacted Defendant by telephone and facsimile transmission to learn if Defendant could galvanize fabricated steel trusses manufactured by Plaintiff in Two Harbors, Minnesota. Attached as Exhibit A is a description of the trusses prepared by the Plaintiff and faxed to Defendant. The notations on Exhibit A are mainly those of a representative of Defendant and show, among other things, a price of 16 cents per pound for Defendant to fabricate the trusses.

2. Around the same time a verbal argument was reached between the Plaintiff and Defendant for Defendant to galvanize the fabricated steel trusses and other steel material shipped to it by Plaintiff at 15 cents per pound.

3. Said verbal agreement between Plaintiff and Defendant further required Defendant to ship the galvanized trusses and other steel material F.O.B. 819 West 88th Street, Chicago, Illinois 60620 to Consumers Energy, J.H. Campbell Complex at 17000 Croswell, West Olive, Michigan 49460 ("Jobsite"). Consumers Energy ("Owner") was the owner of the facility being built at that location ("Project"). Lakehead Constructors, Inc., 2916 Hill Avenue, Superior, Wisconsin 54880 ("Lakehead") was the Owner's General Contractor for the Project.

4. Defendant assigned a Purchase Order No. 4806 to its agreement with Plaintiff.

5. Attached as Exhibit B are copies of Plaintiff's bills of lading dated June 28, 2006 and

2

June 29, 2006 showing 16 trusses (plus other steel material) shipped to Defendant for galvanizing.

6. Attached as Exhibit C are Defendant's invoices to Plaintiff for the cost of galvanizing the trusses.

7. Attached as Exhibit D is a copy of the material certifications for the galvanized steel sent Plaintiff by Defendant which shows Plaintiff's purchase order assigned to it by Defendant and indicating that the galvanized steel was shipped via Brown's on July 25, 2006 and July 28, 2006.

8. Attached as Exhibit E is a copy of the shipping orders for the galvanized fabriciated trusses shipped by Defendant F.O.B. 819 West 88th Street, Chicago, Illinois 60620-2668 to the Jobsite on or about July 25, 2006.

9. When the galvanized fabricated steel trusses were delivered to the Jobsite they were found to be damaged, as evidenced by Exhibit E and the Receiving Inspection Report from the Owner, which Report is attached hereto as Exhibit F.

10. Plaintiff was under contract with Lakehead to manufacture these trusses to the engineers' specifications and deliver them to the Jobsite undamaged and ready to be used for their intended purpose.

11. The Owner, upon discovering the defective trusses, was concerned about their competency and required load testing and other testing be performed to determine their integrity.

12. The cost of the truss test procedure required to load test each of the trusses together with the costs associated with the repair of the trusses, including the bad welds, was

3

$269,556.82. Lakehead subsequently deducted this amount from the amount due it under its contract with Plaintiff.

## COUNT I
## BREACH OF CONTRACT

13. Plaintiff realleges and incorporates Items 1 through 12 above as though fully set forth herein and further alleges:

14. Defendant breached its agreement with Plaintiff by delivering Plaintiff's galvanized trusses to the Jobsite in a defective and damaged condition requiring repairs and load testing to each truss to Plaintiff's detriment in the amount of $269,556.82.

15. Plaintiff performed all of the terms and conditions required of it under its agreement with Defendant.

## COUNT II
## BREACH OF IMPLIED WARRANTIES

16. Plaintiff realleges and incorporates Items 1 through 15 above as though fully set forth herein and further alleges:

17. The galvanizing to be performed by Defendant to Plaintiff's trusses and other steel material shipped to Defendant by Plaintiff constituted a product under the Illinois Uniform Commercial Code ("Code").

18. The galvanized fabricated trusses delivered to the Jobsite by the Defendant were subject to the implied warranty of merchantability prescribed by the Code because Defendant held itself out as a merchant of galvanized steel products.

19. The galvanized trusses delivered to the Jobsite by Defendant were subject to the implied warranty of fitness for a particular purpose prescribed by the Code, because the

4

Defendant knew of the particular purpose for which the galvanized trusses were being used and further, Defendant knew that Plaintiff was relying on Defendant's expertise that the fabricated trusses, once galvanized, would be suitable for the purpose intended by Plaintiff.

20. Defendant breached its warranties of merchantability and fitness for a particular purpose to Plaintiff by delivering Plaintiff's galvanized steel trusses to the Jobsite in a defective and damaged condition.

## COUNT III
## DAMAGES

21. Plaintiff realleges and incorporates Items 1 through 20 above as though fully set forth herein and further alleges:

22. Because of Defendant's breaches of contract and breaches of warranty, Plaintiff has sustained substantial and extensive losses in the following amounts: excess costs incurred in load testing each of the trusses as well as repairing each of the trusses in the amount of $269,556.82.

23. As a direct result of the breaches of warranty by Defendant, Plaintiff has sustained total damages, and has the right to recover the amount, of $269,556.82 together with interest.

24. Although demand has been made on Defendant to pay the amount of Plaintiff's damages, Defendant has refused to pay any portion of it.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury.

5

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant in the sum of $269,556.82,

plus costs and disbursements, and for such other legal and equitable relief as the Court deems just

and appropriate.

Dated: May *30*, 2008.

KENNETH D. BUTLER, LTD.

By *Kenneth D. Butler*

Kenneth D. Butler, (MN #13791)
11 East Superior Street, #555
Duluth, Minnesota 55802
Telephone: (218) 625-2264

Attorney for Plaintiff

6



THIS MEMORANDUM... (A copy or duplicate, covering the property named herein, and is intended solely for filing or record)

RECEIVED, subject to the classifications and tariffs in effect on the date of receipt by the carrier of the property described in the original bill of lading.

the property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned and destined as indicated below, which said carrier (the word carrier being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to its usual place of delivery at said destination, if on its route, otherwise to deliver to another carrier on the route to said destination. It is mutually agreed, as to each carrier of all or any of said property over all or any portion of said route to destination, and as to each party at any time interested in all or any of said property, that every service to be performed hereunder shall be subject to all the terms and conditions of the Uniform Domestic Straight Bill of Lading set forth (1) in Uniform Freight Classification in effect on the date hereof, if this is a rail or a rail-water shipment, or (2) in the applicable motor carrier classification or tariff if this is a motor carrier shipment.

Shipper hereby certifies that he is familiar with all the terms and conditions of the said bill of lading, including those on the back thereof, set forth in the classification or tariff which governs the transportation of this shipment, and the said terms and conditions are hereby agreed to by the shipper and accepted for himself and his assigns.

# EXHIBIT B

| From | | DATE 6/28 19 06 | SHIPPER'S NO. 5680 |

**At**

CARRIER ↓        CARRIER'S NO.

BY    *Jeff Foster*

**CONSIGNEE AND DESTINATION**

RELIABLE GALVANIZING
819 WEST 88TH STREET
CHICAGO, IL  60620

ROUTE        DELIVERING CARRIER

CAR OR VEHICLE INITIALS & NO.  7015A

| NO. PACKAGES | HAZARDOUS MATERIALS | DESCRIPTION OF ARTICLES, SPECIAL MARKS AND EXCEPTIONS | *WEIGHT (SUBJECT TO CORR.) | CLASS OR RATE | ✓ |
|---|---|---|---|---|---|
| | | PHONE # 773-651-2500 | | | |
| | | ONE LOT FABRICATED STEEL PER SHIPPING | | | |
| | | TICKET # 4801 | 40,060 | | |

Subject to Section 7 of conditions of applicable bill of lading, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement.

The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.

Per _____
(Signature of Consignor)

If charges are to be prepaid, write or stamp here, "To be Pre paid."

**PREPAID**

Received $ _____
to apply in prepayment of the charges on the property described hereon.

_____
Agent or Cashier.

Per _____
(The signature here acknowledges only the amounts prepaid.)

Charges Advanced.

SHIPPERS CERTIFICATION: This is to certify that the above-named materials are properly classified, described, packaged, marked and labeled, and are in proper condition for transportation according to the applicable regulations of the Department of Transportation.   SIGNATURE _____ TITLE _____

$ _____

† If the shipment moves between two ports by a carrier by water, the law requires that the bill of lading shall state whether it is "carrier's or shipper's weight."
† Shipper's imprints in lieu of stamp, not a part of Bill of Lading approved by the Interstate Commerce Commission.
Note - Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property.
The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding

**C.O.D. SHIPMENT**

THIS SHIPMENT IS CORRECTLY DESCRIBED.      † The fibre boxes used for this shipment conform to the specifications set forth in the box makers certificate thereon, and all other requirements of the Consolidated Freight Classification.

CORRECT WEIGHT IS _____ LBS.

Per _____

C.O.D. Amt _____

Collection Fee _____

Total Charges _____

Shipper _____

Shipper, Per _____        Agent, Per _____

Permanent post office address of shipper

FORM 12254 RAPIDFORMS  INC., THOROFARE, NJ 08086-9499

Northshore Steel, Inc.
1528 HWY 2
TWO HARBORS, MN 55616
PHONE (218) 834-2485
FAX (218) 834-6162

**SHIPPING TICKET**
Ticket No: 4801
Our Job No: 4806
Page 1 of 2
Ship Date: 06-28-06

Project Name: CONSUMERS ENERGY
++++++++++ Sold to ++++++++++
LAKEHEAD CONSTRUCTORS, INC.
2916 HILL AVE
SUPERIOR, WI 54880

++++++++++ Ship to ++++++++++
CONSUMERS ENERGY
HOLLAND, MI

Ship Via: JEFF FOSTER
Remark:

Total Shipment Weight: 40,060 lbs.

| QTY | ====MARK==== | SEQ | ======DESCRIPTION====== | ===LENGTH=== | WEIGHT EACH | WEIGHT TOTAL |
|-----|------|-----|-------------|--------|------|-------|
| 7 | 2102-1 | | PL 5/16 x 18 1/8 | 1' 10 7/8 | 37 | 258 |
| 10 | 2102-2 | | PL 5/16 x 17 3/8 | 1' 11 3/8 | 36 | 361 |
| 7 | 2102-3 | | PL 5/16 x 17 3/8 | 1' 9 | 32 | 227 |
| 12 | 2102-4 | | PL 5/16 x 16 1/16 | 1' 6 3/4 | 27 | 321 |
| 18 | 2102-5 | | PL 5/16 x 15 7/8 | 1' 5 1/2 | 25 | 444 |
| 12 | 2102-6 | | PL 5/16 x 14 11/16 | 1' 5 3/8 | 23 | 272 |
| 24 | 2103-1 | | L 3 x 3 x 3/16 | 6' 6 | 24 | 579 |
| 16 | 2103-2 | | L 3 x 3 x 1/4 | 6' 0 3/16 | 29 | 472 |
| 24 | 2103-3 | | L 3 x 3 x 3/16 | 6' 0 3/16 | 22 | 536 |
| 28 | 2103-4 | | L 3 x 3 x 1/4 | 6' 1 7/8 | 30 | 845 |
| 4 | 2103-5 | | L 3 x 3 x 1/4 | 6' 6 | 32 | 127 |
| 14 | 2109-1 | | L 2 1/2 x 2 1/2 x 1/4 | 6' 9 3/4 | 28 | 391 |
| 20 | 2109-3 | | L 2 1/2 x 2 1/2 x 1/4 | 6' 5 3/16 | 26 | 527 |
| 14 | 2109-5 | | L 2 1/2 x 2 1/2 x 1/4 | 6' 7 5/8 | 27 | 381 |
| 12 | 2110-1 | | PL 5/16 x 9 11/16 | 1' 5 7/8 | 15 | 185 |
| 14 | 2110-2 | | BAR 5/16 x 4 | 1' 5 1/2 | 6 | 87 |
| 18 | 2110-3 | | PL 5/16 x 10 1/2 | 1' 5 1/2 | 16 | 294 |
| 10 | 2110-4 | | BAR 5/16 x 4 | 1' 6 | 6 | 64 |
| 12 | 2110-5 | | PL 5/16 x 10 1/4 | 1' 6 1/8 | 17 | 198 |
| 2 | 2111-1 | | PL 5/16 x 10 15/16 | 1' 6 1/16 | 18 | 35 |
| 1 | 2111-2 | | BAR 5/16 x 4 | 1' 6 | 6 | 6 |
| 2 | 2111-3 | | PL 5/16 x 9 1/16 | 1' 7 1/16 | 15 | 31 |
| 4 | 2111-4 | | PL 5/16 x 8 1/8 | 1' 9 3/4 | 16 | 63 |
| 2 | 2111-5 | | BAR 5/16 x 4 | 1' 7 | 7 | 13 |
| 4 | 2111-6 | | PL 5/16 x 10 13/16 | 1' 5 1/8 | 16 | 66 |
| 2 | 2111-7 | | PL 5/16 x 9 1/2 | 1' 6 3/4 | 16 | 32 |
| 1 | 2111-8 | | BAR 5/16 x 4 | 1' 5 1/2 | 6 | 6 |
| 2 | 2111-9 | | PL 5/16 x 9 15/16 | 1' 5 5/8 | 16 | 31 |
| 1 | 2127-1 | | TRUSS | | 3,599 | 3,599 |
| 1 | 2128-1 | | TRUSS | | 4,659 | 4,659 |
| 1 | 2129-1 | | TRUSS | | 4,659 | 4,659 |
| 1 | 2130-1 | | TRUSS | | 3,873 | 3,873 |
| 1 | 2131-1 | | TRUSS | | 3,874 | 3,874 |
| 1 | 2133-1 | | TRUSS | | 3,883 | 3,883 |
| 1 | 2134-1 | | TRUSS | | 4,245 | 4,245 |

NAME IN FULL
Received By:_____    Date:_____

Northshore Steel, Inc.
1528 HWY 2
TWO HARBORS, MN 55616
PHONE (218) 834-2485
FAX (218) 834-6162

**SHIPPING TICKET**
Ticket No: 4801
Our Job No: 4806
Page  2 of  2
Ship Date: 06-28-06

Project Name: CONSUMERS ENERGY

++++++++++ Sold to ++++++++++
LAKEHEAD CONSTRUCTORS, INC.
2916 HILL AVE
SUPERIOR, WI  54880

++++++++++ Ship to ++++++++++
CONSUMERS ENERGY
HOLLAND, MI

Ship Via: JEFF FOSTER

Total Shipment Weight: 40,060 lbs.

Remark:

| QTY | ====MARK==== | SEQ | ======DESCRIPTION===== | ===LENGTH=== | EACH | TOTAL |
|-----|--------------|-----|------------------------|--------------|------|-------|
| 1 | 2135-1 | | TRUSS | | 4,245 | 4,245 |
| 4 | 2407-2 | | PL 1/2 x 8 1/2 | 1' 6 | 22 | 87 |
| 4 | 2407-3 | | PL 1/2 x 7 1/2 | 1' 0 | 13 | 51 |
| 8 | 2407-4 | | BAR 1/2 x 2 1/2 | 1' 0 | 4 | 34 |

NAME IN FULL
Received By:_____     Date:_____

**RECEIVED**, subject to the classifications and tariffs in effect on the date of receipt by the carrier of the property described in the Original Bill of Lading,

the property described below, in apparent good order, except as noted (contents and condition of contents of packages unknown), marked, consigned and destined as indicated below, which said carrier (the word carrier being understood throughout this contract as meaning any person or corporation in possession of the property under the contract) agrees to carry to its usual place of delivery at said destination, if on its own line, otherwise to deliver to another carrier on the route to said destination. It is mutually agreed, as to each carrier of all or any of said property over all or any portion of said route to destination, and as to each party at any time interested in all or any of said property, that every service to be performed hereunder shall be subject to all the terms and conditions of the Uniform Domestic Straight Bill of Lading set forth (1) in Uniform Freight Classification in effect on the date hereof, if this is a rail or a rail-water shipment, or (2) in the applicable motor carrier classification or tariff if this is a motor carrier shipment.

Shipper hereby certifies that he is familiar with all the terms and conditions of the said bill of lading, including those on the back thereof, set forth in the classification or tariff which governs the transportation of this shipment, and the said terms and conditions are hereby agreed to by the shipper and accepted for himself and his assigns.

| From | | DATE | SHIPPER'S NO. |
|---|---|---|---|
| At | NORTHSHORE STEEL, INC | 6/29/06 | 5681 |
| | | **CARRIER** ↓ | CARRIER'S NO. |

CONSIGNEE AND DESTINATION

RELIABLE GALVANIZING
319 WEST 88TH STREET
CHICAGO, IL 60620

PHONE # 773-651-2500

BY ____ Jeff Foster ____

ROUTE ____ DELIVERING CARRIER ____

CAR OR VEHICLE INITIALS & NO. ____ 714 A ____

| NO. PACKAGES | HAZARDOUS MATERIALS | DESCRIPTION OF ARTICLES, SPECIAL MARKS AND EXCEPTIONS | *WEIGHT (SUBJECT TO CORR.) | CLASS OR RATE | ✓ | |
|---|---|---|---|---|---|---|
| | | ONE LOT FABRICATED STEEL PER SHIPPING | | | | Subject to Section 7 of conditions, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement. |
| | | TICKET # 4802 | 26,932 | | | The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges. |
| | | | | | | Per ____ (Signature of Consignor) |
| | | | | | | If charges are to be prepaid, write or stamp here, "To be Prepaid." |
| | | | | | | **PREPAID** |
| | | | | | | Received $ ____ to apply in prepayment of the charges on the property described hereon |
| | | | | | | Agent or Cashier. |
| | | | | | | Per ____ (The signature here acknowledges only the amounts prepaid.) |
| | | | | | | Charges Advanced. |

**SHIPPERS CERTIFICATION:** This is to certify that the above-named materials are properly classified, described, packaged, marked and labeled, and are in proper condition for transportation according to the applicable regulations of the Department of Transportation.

SIGNATURE ____ TITLE ____

* If the shipment moves between two ports by a carrier by water, the law requires that the bill of lading shall state whether it is "carrier's or shipper's weight."

† Shipper's imprint in lieu of stamp; not a part of Bill of Lading approved by the Interstate Commerce Commission.

Note—Where the rate is dependent on value, shippers are required to state specifically in writing the agreed or declared value of the property.

The agreed or declared value of the property is hereby specifically stated by the shipper to be not exceeding

| THIS SHIPMENT IS CORRECTLY DESCRIBED. | † The fibre boxes used for this shipment conform to the specifications set forth in the box makers certificate thereon, and all other requirements of the Consolidated Freight Classification. | **C.O.D. SHIPMENT** |
|---|---|---|
| | | C.O.D. Amt ____ |
| CORRECT WEIGHT IS ____ LBS. | Per ____ | Collection Fee ____ |
| | | Total Charges ____ |

Shipper, Per ____        Agent, Per ____

Permanent post office address of shipper

4

FORM 12254 RAPIDFORMS INC., THOROFARE, NJ 08086-9499

Northshore Steel, Inc.
1528 HWY 2
TWO HARBORS, MN 55616
PHONE (218) 834-2485
FAX (218) 834-6162

SHIPPING TICKET
Ticket No: 4802
Our Job No: 4806
Page 1 of 2
Ship Date: 06-29-06

Project Name: CONSUMERS ENERGY

++++++++++ Sold to ++++++++++

++++++++++ Ship to ++++++++++
RELIABLE GALVANIZING
819 WEST 88TH STREET
CHICAGO, IL 60620

Ship Via: jeff foster                    Total Shipment Weight: 26,932 lbs.
Remark:

| QTY | ====MARK==== | SEQ | ======DESCRIPTION====== | ===LENGTH=== | EACH | TOTAL |
|-----|--------------|-----|-------------------------|--------------|------|-------|
| 2 | 2105-1 | | PL 5/16 x 16 7/8 | 1' 5 3/4 | 27 | 53 |
| 1 | 2105-10 | | PL 5/16 x 17 3/8 | 1' 9 | 32 | 32 |
| 1 | 2105-11 | | PL 5/16 x 16 | 2' 8 1/4 | 46 | 46 |
| 1 | 2105-12 | | PL 5/16 x 17 1/2 | 1' 9 | 33 | 33 |
| 2 | 2105-2 | | PL 5/16 x 7 3/16 | 2' 3 | 17 | 35 |
| 2 | 2105-3 | | PL 5/16 x 9 | 1'11 1/8 | 19 | 37 |
| 2 | 2105-4 | | PL 5/16 x 15 15/16 | 1' 7 1/16 | 27 | 54 |
| 2 | 2105-5 | | PL 5/16 x 16 5/16 | 1' 7 1/16 | 28 | 55 |
| 2 | 2105-6 | | PL 5/16 x 6 1/8 | 2' 3 1/2 | 15 | 30 |
| 2 | 2105-7 | | PL 5/16 x 9 3/16 | 1' 9 5/8 | 18 | 35 |
| 2 | 2105-8 | | PL 5/16 x 15 1/16 | 1' 7 3/16 | 26 | 51 |
| 1 | 2105-9 | | PL 5/16 x 16 1/2 | 2' 5 7/8 | 44 | 44 |
| 2 | 2107-1 | | PL 5/16 x 20 3/4 | 1'10 1/16 | 41 | 81 |
| 2 | 2107-2 | | PL 5/16 x 14 1/2 | 1' 8 1/16 | 26 | 52 |
| 2 | 2107-3 | | PL 5/16 x 16 5/16 | 1' 7 3/8 | 28 | 56 |
| 2 | 2107-4 | | PL 5/16 x 16 | 1' 6 7/8 | 27 | 54 |
| 2 | 2107-5 | | PL 5/16 x 16 1/16 | 1' 6 11/16 | 27 | 53 |
| 1 | 2107-6 | | PL 5/16 x 15 1/2 | 2'10 1/8 | 47 | 47 |
| 1 | 2107-7 | | PL 5/16 x 16 15/16 | 2'10 | 51 | 51 |
| 1 | 2107-8 | | PL 5/16 x 17 3/8 | 1' 9 | 32 | 32 |
| 1 | 2107-9 | | PL 5/16 x 17 1/2 | 1'10 1/8 | 34 | 34 |
| 2 | 2114-1 | | PL 5/16 x 10 5/8 | 1' 5 3/8 | 16 | 33 |
| 1 | 2114-10 | | BAR 5/16 x 4 | 1'10 | 8 | 8 |
| 2 | 2114-2 | | PL 5/16 x 16 7/16 | 1' 5 3/8 | 25 | 51 |
| 2 | 2114-3 | | PL 5/16 x 13 3/16 | 1' 4 11/16 | 20 | 39 |
| 2 | 2114-4 | | PL 5/16 x 10 7/8 | 1' 1 3/16 | 13 | 26 |
| 2 | 2114-5 | | PL 5/16 x 10 13/16 | 0'11 3/4 | 11 | 23 |
| 2 | 2114-6 | | PL 5/16 x 10 13/16 | 1' 6 3/16 | 17 | 35 |
| 1 | 2114-7 | | BAR 5/16 x 4 | 1' 8 | 7 | 7 |
| 1 | 2114-8 | | BAR 5/16 x 4 | 1' 7 | 7 | 7 |
| 1 | 2114-9 | | BAR 5/16 x 4 | 1' 6 | 6 | 6 |
| 2 | 2115-1 | | PL 5/16 x 15 1/8 | 1' 4 13/16 | 23 | 45 |
| 2 | 2115-2 | | PL 5/16 x 10 1/8 | 1' 3 1/8 | 14 | 27 |
| 4 | 2115-3 | | PL 5/16 x 9 1/16 | 1'10 13/16 | 18 | 74 |
| 1 | 2115-4 | | PL 5/16 x 17 3/8 | 1'11 1/2 | 36 | 36 |

CAME IN FULL
Received By:_____     Date:_____

Northshore Steel, Inc.
1528 HWY 2
TWO HARBORS, MN 55616
PHONE (218) 834-2485
FAX (218) 834-6162

SHIPPING TICKET
Ticket No: 4802
Our Job No: 4806
Page  2 of  2
Ship Date: 06-29-06

Project Name: CONSUMERS ENERGY
++++++++++ Sold to +++++++++++

++++++++++ Ship to +++++++++++
RELIABLE GALVANIZING
819 WEST 88TH STREET
CHICAGO, IL 60620

Ship Via: jeff foster
Remark:

Total Shipment Weight: 26,932 lbs.

| QTY | ====MARK==== | SEQ | ======DESCRIPTION====== | ===LENGTH=== | WEIGHT EACH | WEIGHT TOTAL |
|---|---|---|---|---|---|---|
| 1 | 2115-5 | | BAR 5/16 x 4 | 2' 1 | 9 | 9 |
| 1 | 2117-1 | | PL 5/16 x 10 1/8 | 1' 5 5/16 | 16 | 16 |
| 2 | 2117-2 | | PL 5/16 x 10 1/8 | 1' 4 7/8 | 15 | 30 |
| 2 | 2117-3 | | PL 5/16 x 10 1/16 | 0'11 1/8 | 10 | 20 |
| 1 | 2117-4 | | PL 5/16 x 18 3/16 | 2' 0 3/4 | 40 | 40 |
| 1 | 2117-5 | | BAR 5/16 x 4 | 1' 6 | 6 | 6 |
| 1 | 2117-6 | | PL 5/16 x 9 11/16 | 0'11 9/16 | 10 | 10 |
| 1 | 2120-1 | | TRUSS | | 3,168 | 3,168 |
| 1 | 2121-1 | | TRUSS | | 3,093 | 3,093 |
| 1 | 2122-1 | | TRUSS | | 3,312 | 3,312 |
| 1 | 2123-1 | | TRUSS | | 3,312 | 3,312 |
| 1 | 2124-1 | | TRUSS | | 2,526 | 2,526 |
| 1 | 2125-1 | | TRUSS | | 2,526 | 2,526 |
| 1 | 2126-1 | | TRUSS | | 3,599 | 3,599 |
| 1 | 2132-1 | | TRUSS | | 3,883 | 3,883 |

PAME IN FULL
Received By:_____    Date:_____



# RELIABLE GALVANIZING CO.
819 W. 88th Street    Chicago, Illinois 60620-2668
Phone (773) 651-2500
FAX (773) 488-7100
email: info@reliablegalvanizing.com

American Galvanizers Association



**INVOICE #: 20192**

Page 1

## EXHIBIT C

Terms: ½ of 1% 10 Days net 30 Days

| PURCHASE ORDER NO. | DATE INVOICED | FREIGHT | F.O.B. 819 W. 88TH STREET CHICAGO, ILL. 60620-2668 | SHIPPED VIA |
|---|---|---|---|---|
| 4806 | 07/25/06 | COLLECT | | BROWN'S |

NOR011

SOLD TO
NORTH SHORE STEEL INC.
P.O. BOX 247
TWO HARBORS, MN    55616

SHIP TO
CONSUMER ENERGY
J.H. CAMPBELL COMPLEX
17000 CROSWELL
WEST OLIVE, MI    49460

| No. of PCS. | DESCRIPTION | WEIGHT | PRICE PER CWT | AMOUNT |
|---|---|---|---|---|
| 1 | GALV. FABRICATED STEEL PARTIAL ORDER | 35,100 | 15.00 | 5,265.00 |
| | | 35,100 | | 5,265.00 |

Entered

**PAY THIS AMOUNT**

THE GOODS OR SERVICES COVERED BY THIS INVOICE ARE FURNISHED IN COMPLIANCE WITH THE REQUIREMENTS OF THE FAIR LABOR STANDARDS ACT OF 1938 AS AMENDED.
CLAIMS MUST BE MADE WITHIN 10 DAYS AFTER DELIVERY.  MERCHANDISE NOT TO BE RETURNED WITHOUT OUR PERMISSION.
**INVOICE**

Invoices     8/15     6025.°°
Not Here     8/31     3422.°°



Member-American Galvanizers Association



# RELIABLE GALVANIZING CO.
819 W. 88th Street    Chicago, Illinois 60620-2668
Phone (773) 651-2500
FAX (773) 488-7100
email: info@reliablegalvanizing.com

American Galvanizers Association



**INVOICE #: 20193**

Page 1

Terms: ½ of 1% 10 Days net 30 Days

| PURCHASE ORDER NO. | DATE INVOICED | FREIGHT | F.O.B. 819 W. 88TH STREET CHICAGO, ILL. 60620-2668 | SHIPPED VIA |
|---|---|---|---|---|
| 4806 | 07/25/06 | COLLECT | | BROWN'S |

NOR011

```
          NORTH SHORE STEEL INC.          S      CONSUMER ENERGY
SOLD      P.O. BOX 247                     H
TO                                         I      J.H. CAMPBELL COMPLEX
          TWO HARBORS, MN    55616         P      17000 CROSWELL
                                           O      WEST OLIVE, MI    49460
```

| No. of PCS. | DESCRIPTION | WEIGHT | PRICE PER CWT | AMOUNT |
|---|---|---|---|---|
| 1 | GALV. FABRICATED STEEL | 27,460 | 15.00 | 4,119.00 |
| | PARTIAL ORDER | | | |
| | | | | |
| | | 27,460 | | 4,119.00 |

Entered

PAY THIS AMOUNT

THE GOODS OR SERVICES COVERED BY THIS INVOICE ARE FURNISHED IN COMPLIANCE WITH THE REQUIREMENTS OF THE FAIR LABOR STANDARDS ACT OF 1938 AS AMENDED. CLAIMS MUST BE MADE WITHIN 10 DAYS AFTER DELIVERY.  MERCHANDISE NOT TO BE RETURNED WITHOUT OUR PERMISSION.

**INVOICE**



Member-American Galvanizers Association
*RELIABLE MEETS ALL YOUR GALVANIZING NEEDS*

09/26/2006 01:19 PM 0490F_50940

519 WEST 88TH STREET
CHICAGO, IL 60620
Phone: 773-651-2500
Fax: 773-488-7100

**Reliable Galvanizing Co.**

## EXHIBIT D

# Fax

| To: | MR. DAVID LARSON | From: | KAVATA DIXON |
| --- | --- | --- | --- |
| | NORTHSHORE STEEL, INC. | | |
| **Fax:** | 218-834-6162 | **Date:** | August 2, 2006 |
| **Phone:** | 218-834-2485 | **Pages:** | 4 |
| **Re:** | MATERIAL CERTIFICATIONS | **CC:** | |

☐ Urgent   X For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

Mr. Larson:

Attached please find the material certifications for the galvanized steel shipped via Brown's on 7/25/06 and 7/28/06. Please contact us if you need anything more.

We appreciate your business!

Sincerely yours,

Kavata Dixon

819 WEST 88TH STREET
CHICAGO, ILLINOIS 60620-
(773) 651-2240
FAX: (773) 489-7100
email: info@reliable...

## RELIABLE GALVANIZING CO.

**WE CERTIFY THAT**

**OUR INVOICE**

1  PIECES OF PART  GALV FABRICATED STEEL

PIECES OF PART

PIECES OF PART

PIECES OF PART

PIECES OF PART

PIECES OF PART

PIECES OF PART

PIECES OF PART

PIECES OF PART

PIECES OF PART

**PURCHASE ORDER #** NORTH SHORE STEEL INC. # 4806
**HAVE BEEN GALVANIZED IN ACCORDANCE WITH ASTM SPECIFICATION #:** A-123

Plant Manager

Subscribed and sworn to before me on:

07/25/06

Notary Public

Member-American Galvanizers Association
*RELIABLE MEETS ALL YOUR GALVANIZING NEEDS*



## RELIABLE GALVANIZING CO.

819 WEST 88TH STREET
CHICAGO, ILLINOIS 60620-2469
(773) 651-2600
FAX: (773) 488-7100
email: info@reliablegalvanizing.com

**WE CERTIFY THAT**

| | | | **OUR INVOICE #** |

| | **1** | **PIECES OF PART** | GALV. FABRICATED STEEL |
| | | **PIECES OF PART** | |
| | | **PIECES OF PART** | |
| | | **PIECES OF PART** | |
| | | **PIECES OF PART** | |
| | | **PIECES OF PART** | |
| | | **PIECES OF PART** | |
| | | **PIECES OF PART** | |
| | | **PIECES OF PART** | |
| | | **PIECES OF PART** | |
| | | **PIECES OF PART** | |

**PURCHASE ORDER #** NORTH SHORE STEEL INC. # 4806
**HAVE BEEN GALVANIZED IN ACCORDANCE WITH ASTM SPECIFICATION #:** A-123

**Plant Manager**

Subscribed and sworn to before me on:

07/25/06

Notary Public



Member-American Galvanizers Association
*RELIABLE MEETS ALL YOUR GALVANIZING NEEDS*



819 WEST 88TH STREET
CHICAGO, ILLINOIS 60620-2665
(773) 651-2500
FAX: (773) 488-7300
email: info@reliablegalvanizing.com

## RELIABLE GALVANIZING CO.

**WE CERTIFY THAT**

| | | | OUR INVOICE # |
|---|---|---|---|

1 **PIECES OF PART** GALV. FABRICATED STEEL

**PIECES OF PART**

**PIECES OF PART**

**PIECES OF PART**

**PIECES OF PART**

**PIECES OF PART**

**PIECES OF PART**

**PIECES OF PART**

**PIECES OF PART**

**PIECES OF PART**

PURCHASE ORDER # NORTH SHORE STEEL INC. # 4806
HAVE BEEN GALVANIZED IN ACCORDANCE WITH ASTM SPECIFICATION #: A-123

**Plant Manager**

Subscribed and sworn to before me on:

07/28/05

Notary Public



Member-American Galvanizers Association
RELIABLE MEETS ALL YOUR GALVANIZING NEEDS

Uniform Domestic Straight Bill or Lading adopted by Carriers in Official, Southern, Western and
Illinois Classification Territories, March 15, 1922, as amended August 1, 1930 and June 15, 1941.

**UNIFORM STRAIGHT BILL OF LADING**
**THIS SHIPPING ORDER** must be legibly filled in, in ink, indelible Pencil, or in Carbon and retained by the Agent.

# EXHIBIT E

INVOICE #: 20192

COMPANY

RECEIVED, subject to the classifications and tariffs in effect on the date of the issue of this Bill of Lading

Page 1

## FROM RELIABLE GALVANIZING CO.

| PURCHASE ORDER NO. | DATE SHIPPED | FREIGHT | F.O.B. | CARRIER |
|---|---|---|---|---|
| 4806 | 07/25/06 | COLLECT | 819 W. 38TH STREET CHICAGO, IL 60620-2448 | BROWN'S |

NOR011

RELEASE TO
```
NORTH SHORE STEEL INC.
P.O. BOX 247

TWO HARBORS, MN    55616
```

SHIPPED TO
```
CONSUMER ENERGY
J.H. CAMPBELL COMPLEX
17000 CROSWELL
WEST OLIVE, MI    49460
```

| No. of PCS. | DESCRIPTION | WEIGHT | |
|---|---|---|---|
| 1 | GALV. FABRICATED STEEL PARTIAL ORDER | 35,100 | Subject to Section 7 of Conditions of applicable bill of lading, if this shipment is to be delivered to the consignee without recourse on the consignor, the consignor shall sign the following statement: The carrier shall not make delivery of this shipment without payment of freight and all other lawful charges.
(Signature of Consignor.)
If charges are to be prepaid, write or stamp here, "To be Prepaid."
Received $ _____ is apply in prepayment of the charges on the property described hereon.
Agent or Cashier.
Per _____ (The signature here acknowledges only the amount prepaid.)
Charges advanced: $ _____ |

*DAMAGE T?*
*BOTH LOADS* **LOADS MUST BE TARPED**
*BENT ANGLES*
*+ CONNECTION*

Title to the property herein described shall be vested in the consignee upon delivery to the carrier, who has been designated by the consignee to be the agent of the consignee, and thereupon all right of the consignee to the property or responsibility therefor (except the right of stoppage in transit) shall cease. Any claims for the damage, shortage or improper condition or non-conformity of property to description must be reported to the consignee within twenty-four (24) hours after arrival of property at destination, and consignor must be given due opportunity to investigate same. Failure so to report and permit investigation shall be conclusive evidence that the weights or count and condition of the property as specified in this bill of lading are correct, and that the property conforms to description, and the consignor may rely upon such evidence in making payment to its supplier or in accounting for said property to the owner thereof.

35,100

**SHIPPER**

## RELIABLE GALVANIZING CO.
819 W. 38TH Street    CHICAGO, ILLINOIS 60620-2448

"This is to certify that the above named articles are properly classified, described, packaged, marked and labeled, and are in proper condition for transportation, according to the applicable regulations of the Department of Transportation."

PER *Brown's Tr.* **CARRYING AGENT**

# EXHIBIT F

**Consumers Energy**

*Count on Us*

RIR #: _____
Truck Co.: Brown Trucking
Trailer #: _____
Storage Location: East side of 9A
Gallery in lay down
yard!

## RECEIVING
## INSPECTION REPORT

DATE SHIPMENT RECEIVED 7-26-06                    PICTURE NO. _____

COMPONENT DESCRIPTION
Truss section for 9A Gallery

_____North Shore Steel & Reliable Galvanizing_____

| INSPECTION FOR: | SAT. | UNSAT. | N/A |
|---|---|---|---|
| A. SHIPPING PAPER PACKING LIST | [✓] | [ ] | [ ] |
| B. PIECE MARK NUMBER | [✓] | [ ] | [ ] |
| C. REQUIRED COUNT | [✓] | [ ] | [ ] |
| D. VISIBLE DAMAGE TO ITEM(S) CONTAINER, PACKAGING, ETC. | [ ] | [✓] | [ ] |
| E. VISIBLE DAMAGE TO ITEM(S) | [ ] | [✓] | [ ] |

REMARKS: (INCLUDING EXPLANATION OF ALL UNSATISFACTORY CONDITIONS) Visible bending
in diagonal bracing - cracked welds

STORAGE LEVEL REQUIRED (CIRCLE ONE):     A     B     C     SPECIAL

COLOR TAG APPLIED:     RED  [  ] NONE  [  ]

FOR UNSATISFACTORY INSPECTION REFER TO:          OVER, SHORT, AND DAMAGE REPORT#

| INITIAL INSPECTION HAS BEEN PERFORMED | | UNSATISFACTORY CONDITION HAS BEEN INSPECTED |
|---|---|---|
| RECEIVING INSPECTOR | | QC SUPERINTENDENT |
| 7-26-06 DATE | | DATE |
| THE CONSUMERS ENERGY REPRESENTATIVE HAS REVIEWED THE RIR AND IS AWARE OF ANY UNSATISFACTORY INSPECTION | | |
| CONSUMERS ENERGY REPRESENTATIVE | CONSTRUCTION MANAGER | 7-26-06 DATE |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

NORTHSHORE STEEL, INC.  )
          )
    Plaintiff,   )
          )
vs.         )
          )
RELIABLE GALVANIZING )
COMPANY,      )
          )
    Defendant. )

Civil Action No. 08cv2147

Judge Pallmeyer

Magistrate Judge Denlow

**F I L E D**

JUN 0 2 2008  YM

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**AFFIDAVIT OF SERVICE**

STATE OF MINNESOTA )
          ) ss.
COUNTY OF ST. LOUIS )

   Pamela K. Fifield, being first duly sworn on oath, states that on the 30th day of May, 2008

she served the following:

    1. Notice of Motion;
    2. Plaintiff Northshore Steel, Inc.'s Rule 15 Motion to Amend Its Pleading and
      Memorandum in Support Thereof;
    3. Proposed Agreed Order Granting Plaintiff's Motion to Amend Its Complaint;
    4. Letter to the Clerk of Court,

on the following individual at the following address by depositing a true and correct copy thereof

in the Federal Express dropbox, addressed as follows:

    Lauren Spira, Esq.
    J. David Duffy, Esq.
    Thompson Coburn, LLP
    55 East Monroe Street, 40th Floor
    Chicago, Illinois  60603

                Pamela K. Fifield

Subscribed and sworn to before
me this 30th day of May, 2008.

Notary Public



GREG C. GILBERT
NOTARY PUBLIC - MINNESOTA
MY COMM. EXPIRES JANUARY 31, 2010